# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1213
Lower Tribunal No. 2024-DR-001541

_____

LEONIDES NEGRON,

Appellant,

v.

SABRINA BONILLA o/b/o A.N., a minor,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Polk County.
Melissa Gravitt, Judge.

January 9, 2026

WOZNIAK, J.

Leonides Negron ("Father"), pro se, timely appeals the final judgment of injunction for protection against domestic violence, which was entered upon the petition filed by Sabrina Bonilla ("Mother") on behalf of their minor child ("Child"). Father argues that Mother failed to establish that she had reasonable cause to believe that Child was in imminent danger of becoming a victim of domestic violence.[1] We agree and reverse.

---

[1] Father raises several other points of error; however, because this issue controls, we decline to address those arguments.

Mother filed her Petition for Injunction for Protection Against Domestic Violence, asking the trial court to prohibit Father's visitation with Child because she feared he would abuse Child. Mother alleged that Child had experienced "physical, mental, verbal, and emotional abuse" by Father and had become terrified and did not feel safe in Father's presence. To support her allegations, Mother stated that Father had hit Child in the past because she had lost interest in the sport of his liking and threatens her that if she cries, "she will suffer consequences."

At the final hearing that followed, Mother testified to an incident at the airport when she was transferring Child to Father for visitation. Child started crying immediately upon seeing Father and grabbed Mother. Father pulled Child away to hug her and then asked Child to give her phone to Mother. Mother and Father argued over whether Child could keep the phone. The argument ended when Father walked away with Child. Child was given a tablet for communicating and contacted Mother four hours later. Child had also called Mother at one point during her visitation with Father, crying.

Child also testified; she was questioned outside the presence of her parents. She, at one point, referenced having been hit by Father over jiu-jitsu when she was much younger. However, Child testified that there had been no recent incidents of violence. Child explained that she had stopped telling Mother things because Mother would try to use that information against Father and Father would get angry with

2

Child. She was put in the middle, which was stressful. She repeatedly told the judge she was scared of Father, but other than the airport incident and having been hit once when she was much younger, Child did not provide any substantiating facts. The court asked Child the worst thing Father had ever said to her, and Child responded that he had said that she did not have "emotions and stuff." That made her "between mad and sad" because she does have feelings.

At the conclusion of the hearing, the trial court related its concern about Child's fear of Father:

> And, um, based on what [Child] told me, it is – it's clear of a couple of things. Number one, it's clear that this child has seen a lot of things, and I mean communication between the two of you, that puts her in the middle. She has been put in the middle of this litigation for a long time, and that's a scary place for a kid to be, and it's not an appropriate place. And I – I think both of you have done that. Um, I – I do not – I did not see any signs, um, that she was told what to say here today. In fact, she told me just the opposite. She told me her mother didn't tell her anything about why she was here. She didn't know what a petition for injunction was. Um, she didn't know what any of the allegations in the petition for injunction were. Um, what she did indicate to me was that she's scared. She's scared that you have a temper. She's scared when you say things to her about what will happen when she gets to you and that she can't hide behind her mother forever. Um, and based on things that have happened in the past, she's – she's scared of you. And that's not a good place for you to be with your daughter.
>
> * * * *

3

. . . . She may blame you for a lot of it. I don't – I don't know. But here's what I do know. I – I did not hear any – any evidence from [Child] that indicates to me that her mother has tried to coach her into saying specific things. Um, in fact, she told me more about her conversations with you that her mother doesn't even know about. Um, and one of the things that she indicated to me was there's a lot of things she is scared to tell her mom because she knows her mom is going to go to you with concerns and that it's going to come back to [Child] because you get angry with her for – for sharing things with her mother. So, based on all of that, I'm going to enter an injunction for six months on [Child's] behalf. What I am going to allow for is, um, therapeutic supervised therapy between you and [Child] because I think it would be very, therapeu- – therapeutic sessions like you've had with your son.

The final injunction was rendered March 5, 2024. The trial court found that Child was "a victim of domestic violence or has a reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence." However, the trial court did not identify any specific act of domestic violence that Father had committed or explain why there was reasonable cause to believe Child would become a victim of domestic violence. It prohibited Father from any contact, but did provide that the parties could have supervised therapeutic session visits.

We begin our analysis by noting that this Court reviews an order granting an injunction for protection against domestic violence under the abuse of discretion standard. Harrington v. Giancola, 415 So. 3d 845, 845 (Fla. 6th DCA 2025). Abuse of discretion is shown when the order is not supported by competent, substantial evidence. Id. However, "[w]hether the evidence is legally sufficient to support entry

4

of an injunction is a question of law that is reviewed de novo." Fingers v. Fingers, 353 So. 3d 1283, 1285 (Fla. 5th DCA 2023); see also Malone v. Malone, 368 So. 3d 1057, 1058 (Fla. 1st DCA 2023) ("We review the trial court's decision to enter the injunction for an abuse of discretion, but the question of whether the evidence is legally sufficient to justify the injunction is a question of law reviewed de novo.").

To obtain an injunction for protection against domestic violence, Mother had to show either that Child was a victim of domestic violence or that Child had reasonable cause to believe that she was in imminent danger of becoming a victim of domestic violence. § 741.30(6)(a), Fla. Stat. (2024). Domestic violence is defined in section 741.28(2), Florida Statutes (2024): "'Domestic violence' means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member."

Mother did not carry her burden to show that Child had been, or reasonably feared that she would become, a victim of domestic violence. None of the incidents relayed to the trial court during the evidentiary hearing fit within the definition of domestic violence. Indeed, the trial court made no findings of fact relative to domestic violence but instead focused on Child's fear of Father and how that fear could be alleviated so as to make visitation with Father comfortable for Child.

5

Child's fear of being forced to spend time with Father is not competent, substantial evidence supporting entry of a domestic violence injunction. See <u>Bechert v. Bechert o.b.o. O.B.</u>, 408 So. 3d 17, 22-23 (Fla. 4th DCA 2025) ("The trial court entered the DV injunction below to make the daughter 'feel as secure' as the trial court could. However, the daughter's fear of being forced 'to spend time with this father she doesn't know and doesn't trust' is not competent, substantial evidence supporting entry of a DV injunction.").

Having determined that the evidence was insufficient to support a domestic violence injunction, we reverse.

REVERSED.

NARDELLA and BROWNLEE, JJ., concur.

Leonides Negron, Vineland, New Jersey, pro se.

Sabrina Bonilla, Lakeland, pro se.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED